

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2009

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4656

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Li v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1554.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1554

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4656

_____

FENG YING LI,
                              Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                      Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77-234-282
(U.S. Immigration Judge:  Honorable Paul Grussendorf)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 10, 2008

Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

Filed: April 10, 2009
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Feng Ying Li, a native and citizen of the People's Republic of China, entered the

United States in September 1998.  She appeared before an Immigration Judge ("IJ") and

conceded that she was removable for entering without a valid entry document.  See

Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I)]. Li applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). She alleged that family planning officials sought to forcibly sterilize her because she attempted to remove an IUD. The IJ denied relief, finding Li's allegations not credible. The Board of Immigration Appeals ("BIA") affirmed without opinion in September 2002. Although the BIA granted voluntary departure, Li remained in the United States.

In 2005, Li submitted a "Motion to File Successive Asylum Application," claiming that the birth of her second child in 2003 constituted a changed circumstance which materially affected her eligibility for asylum. The Board denied the motion. Li filed a petition for review. Before briefing was complete, we granted the government's unopposed motion to remand to the BIA. Our order directed the BIA to consider the relationship between INA § 208(a)(2)(D) [8 U.S.C. § 1158(a)(2)(D)] and INA § 240(c)(7)(C)(ii) [8 U.S.C. § 1229a(c)(7)(C)(ii)]. (Li v. Att'y Gen., C.A. No. 05-4150).

Aliens who apply for asylum must do so within one year after arrival in the United States. See INA § 208(a)(2)(B) [8 U.S.C. § 1158(a)(2)(B)]. In addition, an alien who has filed an asylum application that has been denied may not apply again for asylum. See INA § 208(a)(2)(C) [8 U.S.C. § 1158(a)(2)(C)]. Pursuant to INA § 208(a)(2)(D) and its implementing regulations, however, an alien may file a successive or untimely asylum application based on, inter alia, "changed circumstances which materially affect the

2

applicant's eligibility for asylum." The term "changed circumstances" arguably encompasses changed personal circumstances, such as the birth of children in the United States. See 8 C.F.R. § 1208.4(a)(4)(i)(A)-(B). The other statute to which we referred in our remand order, INA § 240(c)(7)(C)(ii), excuses the 90-day deadline for filing a motion to reopen where the alien seeks to apply for asylum based on "changed country conditions arising in the country of nationality or the country to which removal has been ordered." INA § 240(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii) (providing that the limit on filing "only one motion to reopen," 8 C.F.R. § 1003.2(c)(2), does not apply where the alien demonstrates "changed circumstances arising in the country of nationality"). Thus, under this statutory and regulatory scheme, changed personal circumstances may permit the filing of a successive or untimely asylum application under INA § 208(a)(2), but cannot excuse the time and numerical limitations applicable to motions to reopen.

On remand, the BIA concluded that "section 208(a)(2)(D) does not provide an independent basis for filing a late motion to reopen to apply for asylum without the showing of changed country conditions required by section 240(c)(7)(C) of the Act." Relying on its decision in In re C-W-L-, 24 I. & N. Dec. 346 (BIA 2007), the BIA reasoned that INA § 240(c)(7)(C) would be rendered superfluous – in violation of the rule that every clause of a statute should be given effect – if aliens subject to final orders of removal could file successive or untimely asylum applications based solely on changed

3

personal circumstances. Consequently, the BIA again denied Li's motion. Li filed a petition for review of the BIA's decision.

We have jurisdiction over the petition for review pursuant to INA § 242 [8 U.S.C. § 1252]. We review the BIA's denial of a motion to reopen for abuse of discretion, Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001), and will not disturb the decision unless it was arbitrary, irrational or contrary to law. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

Li argues that INA § 208(a)(2)(D) provides aliens subject to a final order of removal with an independent basis for filing an untimely asylum application based on changed personal circumstances, without meeting the "changed country conditions" requirement for reopening immigration proceedings under INA § 240(c)(7)(C)(ii). We recently rejected a similar argument in Liu v. Attorney General, – F.3d –, 2009 WL 250102, at *4-5 (3d Cir. Feb. 4, 2009), holding that INA § 208(a)(2)(D) "allows successive asylum applications only within the 90-day reopening period for orders denying asylum unless the alien can show changed country conditions on the required accompanying motion to reopen." For the reasons stated in Liu, we conclude that the BIA properly required Li to comply with the procedural requirements for filing a motion to reopen.[1]

---

[1] The BIA concluded that Li's motion was untimely and rejected her attempts to satisfy the exceptions to the time bar. In particular, the Board held that the birth of Li's second child constituted a change in personal circumstances and that the evidence she submitted

For the foregoing reasons, we will deny the petition for review.

---

was insufficient to establish changed country conditions.  Li does not contest these findings on appeal.  She does, however, challenge the BIA's conclusion that treaty obligations under the CAT, the United Nations Protocol Relating to the Status of Refugees, and the International Covenant on Civil and Political Rights supersede INA statutory requirements for reopening and filing successive asylum applications.  This contention lacks merit.  See Jin, 538 F.3d at 159-60 (rejecting similar argument because the treaties are not self-executing and do not confer rights beyond those granted by the implementing legislation, because there is a presumption against inferring individual rights from international treaties, and because there was no evidence that the BIA's holding conflicts with principles of customary international law).